**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| COREY LOUIS HINES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:21-cv-00424-SRC |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of petitioner Corey Louis Hines for leave to commence this civil action without prepayment of the filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will deny and dismiss petitioner's petition for a writ of error coram nobis.

**Background**

Petitioner is a self-represented litigant who is currently incarcerated at the United States Penitentiary in Beaumont, Texas. On November 8, 2005, following a jury trial, he was convicted of conspiracy to commit Social Security fraud, two counts of aiding and abetting the misuse of a Social Security number, misuse of a Social Security number, and aggravated identity theft. *United States v. Hines*, No. 4:05-cr-107-HEA (E.D. Mo.). Petitioner was sentenced on February 24, 2006 to a total term of 95 months' imprisonment and three years' supervised release. He filed a notice of appeal on March 1, 2006.

The United States Court of Appeals for the Eighth Circuit affirmed petitioner's conviction and sentence on January 8, 2007. *United States v. Hines*, 472 F.3d 1038, 1040 (8th Cir. 2007). On

March 1, 2007, the Court of Appeals denied petitioner's motion for rehearing en banc. The Supreme Court denied his petition for writ of certiorari on October 1, 2007. *Hines v. United States*, 128 S.Ct. 235 (2007).

On November 5, 2007, petitioner filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Hines v. United States*, No. 4:07-cv-1884-HEA (E.D. Mo.). In the motion, petitioner alleged ineffective assistance of trial counsel, arguing that his attorney had failed to secure the testimony of two witnesses: his wife, and a man named Joseph Miller. Petitioner also contended that his constitutional rights were violated because his sentencing enhancements were decided by the Court, not the jury. The Court denied petitioner's motion on May 1, 2008. Petitioner did not file a notice of appeal until March 10, 2016. The Court of Appeals denied his application for a certificate of appealability and dismissed the appeal on July 11, 2016. *Hines v. United States*, No. 16-1639 (8th Cir. 2016).

Meanwhile, while in custody for his conviction in the Eastern District of Missouri, petitioner was indicted in the Southern District of Illinois. *United States v. Hines*, No. 3:08-cr-30040-SPM-PMF (S.D. Ill. Mar. 5, 2008). On October 20, 2009, a jury convicted him of possession of marijuana by an inmate and possession with intent to distribute marijuana. Petitioner was sentenced on April 9, 2010, to a total of 144 months' imprisonment and four years' supervised release. This sentence was to run consecutively to petitioner's undischarged term of imprisonment imposed by this Court for Social Security fraud. The United States Court of Appeals for the Seventh Circuit affirmed the judgment on February 10, 2011. *United States v. Hines*, No. 10-1877 (7th Cir. 2011).

Back in his original criminal case, petitioner filed a motion for redress of grievance, arguing that the Court did not have "in personam jurisdiction" over him. *United States v. Hines*,

2

No. 4:05-cr-107-HEA (E.D. Mo. Oct. 16, 2008). The petition was denied as frivolous on October 17, 2008. Petitioner appealed, and the Court of Appeals summarily affirmed on November 25, 2008. *United States v. Hines*, No. 08-3501 (8th Cir. 2008). The Court of Appeals subsequently denied petitioner's petition for rehearing.

On August 4, 2009, petitioner filed a petition for writ of habeas corpus on a Court-provided 28 U.S.C. § 2241 form. *Hines v. Devore, et al.*, No. 4:09-cv-1236-HEA (E.D. Mo.). The Court denied the petition on October 29, 2009 because petitioner was not allowed to challenge the constitutionality of his conviction and sentence under § 2241. To the extent that the petition could be construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, the Court noted that such a motion was successive and brought without the permission of the Court of Appeals, as required by 28 U.S.C. § 2244(b)(3)(A). Petitioner did not file an appeal.

On January 8, 2010, petitioner filed another petition for writ of habeas corpus on a Court-provided 28 U.S.C. § 2241 form. *Hines v. Hayes, et al.*, No. 4:10-cv-39-HEA (E.D. Mo.). On January 29, 2010, the Court dismissed the action after construing it as a successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Petitioner did not file an appeal.

At the same time that petitioner submitted his second 28 U.S.C. § 2241 form to the Court, he filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Hines v. United States*, No. 4:10-cv-41-HEA (E.D. Mo. Jan. 8, 2010). On March 3, 2010, the Court denied the motion without prejudice, as it was a successive motion filed without the required authorization of the Court of Appeals. Petitioner did not file an appeal.

On February 12, 2010, petitioner submitted another petition for writ of habeas corpus on a Court-provided 28 U.S.C. § 2241 form. *Hines v. Hayes, et al.*, No. 4:10-cv-282-HEA (E.D. Mo.). As before, the petition was construed as arising under 28 U.S.C. § 2255, as it attacked petitioner's

3

conviction and sentence. Because the § 2255 motion was successive and lacked the authorization of the Court of Appeals, it was dismissed.

On March 9, 2010, petitioner again filed a 28 U.S.C. § 2241 petition that was construed as a motion to vacate, set aside, or correct judgement pursuant to 28 U.S.C. § 2255. *Hines v. Hayes, et al.*, No. 4:10-cv-422-HEA (E.D. Mo.). The Court determined that this action was petitioner's fifth successive motion under § 2255, and dismissed accordingly. Petitioner filed a notice of appeal. On July 29, 2010, the Court of Appeals denied petitioner's application for a certificate of appealability, and dismissed the appeal. *Hines v. Hayes, et al.*, No. 10-2087 (8th Cir. 2010). The Court of Appeals later denied petitioner's motion for rehearing. On October 18, 2010, the Supreme Court denied petitioner's petition for writ of certiorari. *Hines v. Hayes, et al.*, No. 10-6489 (U.S. 2010).

Returning to his criminal case, petitioner filed a motion for leave to stay imprisonment on April 16, 2010. *United States v. Hines*, No. 4:05-cr-107-HEA (E.D. Mo.). He followed that with a motion for prohibitory injunction filed on June 23, 2010. On July 7, 2010, the Court denied both motions for lack of jurisdiction.

Petitioner next filed a motion to modify or terminate his restitution order. The Court denied the motion on October 19, 2011. Petitioner appealed this decision. On February 5, 2012, the Court of Appeals summarily affirmed the Court's denial of petitioner's motion. *United States v. Hines*, No. 11-3391 (8th Cir. 2012).

On February 6, 2012, petitioner filed a motion to correct sentence pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure. *United States v. Hines*, No. 4:05-cr-107-HEA (E.D. Mo.). In the motion, he argued that the Court had sentenced him to a term of imprisonment above the statutory limits. The Court denied the motion without prejudice on March 27, 2012. Petitioner

4

filed a notice of appeal, whereupon the Court of Appeals appointed him an attorney on its own motion. *United States v. Hines*, No. 12-1847 (8th Cir. 2012). Petitioner's appointed counsel ultimately withdrew upon petitioner's request. On July 11, 2013, the Court of Appeals affirmed the Court's denial of petitioner's motion, because it was the functional equivalent of an unauthorized successive 28 U.S.C. § 2255 motion. *United States v. Hines*, 513 F. App'x 633, 633 (8th Cir. 2013). Furthermore, the Court of Appeals noted that petitioner was not entitled to relief on the merits. While petitioner had correctly asserted "that the 71-month prison sentences imposed by the district court upon his convictions for conspiracy to commit Social Security fraud and for three counts of misuse of a Social Security number exceeded the 60-month statutory maximum for these offenses," the Court of Appeals explained that it was clear "that the district court intended to impose a prison sentence at the top of [petitioner's] advisory sentencing range for these convictions – which was 57 to 71 months – and the district court was authorized to do so, to achieve the total punishment of 71 months." *Id*. at 633–34.  The Court of Appeals explained that the sentencing guidelines provide that if a sentence imposed on the count carrying the highest statutory maximum is less than the total punishment imposed, then the sentence imposed on the other counts shall run consecutively to the extent necessary to produce a sentence equal to the total punishment. *Id*. at 634 (citing U.S.S.G. § 5G1.2(d)).  Further, the court noted that even if the district court imposed an illegal sentence by failing to order consecutive sentences, such an error does not justify plain error relief when the district court *could* have imposed legal, consecutive sentences under U.S.S.G. § 5G1.2(d). *Id*. (citing *United States v. Diaz*, 296 F.3d 680, 683–86 (8th Cir. 2002) (en banc)).

Petitioner filed nothing else in his criminal case until December 26, 2018. On that date, petitioner filed another motion pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure, seeking to have his sentenced vacated. *United States v. Hines*, No. 4:05-cr-107-HEA (E.D. Mo.

Dec. 26, 2018). The motion was similar to the one that had been denied and appealed in 2012, and affirmed by the Court of Appeals in 2013. Before the motion could be ruled upon, petitioner filed a notice of appeal. The Court of Appeals directed that the case be held in abeyance until the Court ruled upon it. *United States v. Hines*, No. 18-3753 (8th Cir. 2018). The Court denied the motion as a successive 28 U.S.C. § 2255 motion brought without permission from the Court of Appeals. *United States v. Hines*, No. 4:05-cr-107-HEA (E.D. Mo. Feb. 13, 2019). On June 3, 2019, the Court of Appeals dismissed petitioner's appeal for lack of jurisdiction. *United States v. Hines*, No. 18-3753 (8th Cir. 2019).

Beginning on September 16, 2010, petitioner also filed thirteen separate petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Each of these filings sought to overturn old state court convictions. All of the cases were eventually dismissed because petitioner was not "in custody" on the convictions he was attacking, and therefore not entitled to relief under § 2254. Petitioner attempted to appeal most of those dismissals. In every instance, the Court of Appeals denied him a certificate of appealability and dismissed the appeal.

On April 12, 2021, petitioner filed the instant action, which is titled "Petition for Writ of Error Coram Nobis." (Docket No. 1).

**The Petition**

---

[1] The cases are *Hines v. Hollingworth*, No. 4:10-cv-1763-RWS (E.D. Mo. Sept. 16, 2010); *Hines v. Hollingworth*, No. 4:10-cv-1764-DDN (E.D. Mo. Sept. 16, 2010); *Hines v. Hollingworth*, No. 4:10-cv-1765-CDP (E.D. Mo. Sept. 16, 2010); *Hines v. Hollingworth*, No. 4:10-cv-1779-TIA (E.D. Mo. Sept. 21, 2010); *Hines v. Hollingworth*, No. 4:10-cv-1780-RWS (E.D. Mo. Sept. 21, 2010); *Hines v. Hollingworth*, No. 4:10-cv-1825-SNLJ (E.D. Mo. Sept. 28, 2010); *Hines v. Hollingworth*, No. 4:10-cv-1826-LMB (E.D. Mo. Sept. 28, 2010); *Hines v. Hollingworth*, No. 4:10-cv-1827-JCH (E.D. Mo. Sept. 28, 2010); *Hines v. Hollingworth*, No. 4:10-cv-1870-HEA (E.D. Mo. Oct. 4, 2010); *Hines v. Hollingworth*, No. 4:10-cv-1874-FRB (E.D. Mo. Oct. 4, 2010); *Hines v. Hollingworth*, No. 4:10-cv-1876-TIA (E.D. Mo. Oct. 4, 2010); *Hines v. Hollingworth*, No. 4:10-cv-1877-SNLJ (E.D. Mo. Oct. 4, 2010); and *Hines v. Hollingworth*, No. 4:10-cv-1878-AGF (E.D. Mo. Oct. 4, 2010).

Petitioner's petition for writ of error coram nobis is handwritten and eighty pages long. Attached to the petition are two exhibits, which are apparently letters authored by petitioner's wife that petitioner believes are exculpatory.

The central contention of the petition is that petitioner's trial counsel was ineffective. Specifically, petitioner alleges that trial counsel did not advise him of the advantages and disadvantages of the government's plea offer; that trial counsel improperly advised him about the potential term of imprisonment he faced; that trial counsel lied to the Court during petitioner's 28 U.S.C. § 2255 proceeding; that trial counsel "never investigated [his] only plausible line of defense," which was locating and interviewing Joseph Miller and Toyetta Hines; that trial counsel "had no defense theory for trial, and failed to consult… fingerprint [and] handwriting experts"; that trial counsel failed to object to "several uncounseled state convictions" that appeared in his criminal history scoring; and that trial counsel failed to "competently argue" on direct appeal that the sentence imposed on Counts 1-4 fell outside the statutory maximum.

Petitioner also alleges that the restitution imposed on him amounts to an unlawful payment schedule; that the government failed to establish guilt beyond a reasonable doubt; that he is "actually innocent of all charges"; that the Court issued ambiguous jury instructions; and that the Court abused its discretion and engaged in "judicial fact finding" when it sentenced him.

By way of relief, petitioner states that his "writ of error coram nobis should be granted in its entirety [along] with any further relief this Court may deem just and proper."

## Discussion

Petitioner is a self-represented litigant who has filed a petition for writ of error coram nobis, alleging various constitutional violations. For the reasons discussed below, the petition must be denied and dismissed.

**A. If Petitioner is "In Custody"**

To the extent that petitioner is in custody, the Court must construe the petition for writ of error coram nobis as a successive motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The purpose of 28 U.S.C. § 2255 is "to afford federal prisoners a remedy identical in scope to federal habeas corpus" regarding jurisdictional and constitutional errors. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011). Typically, a prisoner challenging his federal conviction must make his collateral attack under this statutory provision. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating that it is well settled that "a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255"); and *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (stating that "[a] challenge to a federal conviction…is most appropriately brought as a motion under 28 U.S.C. § 2255"). However, a § 2255 motion is limited to persons who are in custody. *See* 28 U.S.C. § 2255(a) (stating that a motion under § 2255 may be filed by "[a] prisoner *in custody* under sentence of a court established by Act of Congress") (emphasis added). With regard to this requirement, a petitioner is not in custody "where the sentence imposed for the conviction has fully expired." *Kandiel v. United States*, 964 F.2d 794, 796 (8th Cir. 1992) (citing *Maleng v. Cook*, 490 U.S. 488, 490–91(1989)).

In this case, it is unclear whether petitioner is still "in custody" under the conviction and sentence he is challenging in *United States v. Hines*, No. 4:05-cr-107-HEA (E.D. Mo.). He was sentenced to 95 months' imprisonment and three years' supervised release on February 24, 2006. Even without taking into account credit petitioner was given at the time of his sentencing, it is likely that this particular sentence has "fully expired." Though petitioner is still in the custody of the Federal Bureau of Prisons, the Court notes that petitioner was convicted on additional charges

in the Southern District of Illinois, after being sentenced by this Court. The sentence from the Southern District of Illinois was run consecutively to the sentence from the Eastern District of Missouri. Nevertheless, assuming that petitioner is still in custody for his conviction in this Court, his collateral attack must come via a motion under § 2255, and not a petition for writ of error coram nobis.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal inmate seeking relief under 28 U.S.C. § 2255 must first receive certification from the court of appeals to file a second or successive motion. *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019). *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

An inmate cannot evade this rule "by simply filing a successive [28 U.S.C.] § 2255 motion in the district court." *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition"). Instead, it is up to the court of appeals to determine whether movant has made a prima facie case that he has satisfied the requirements of § 2255(h). *See Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015).

Petitioner cannot avoid the requirement that he obtain authorization from the Court of Appeals to file a successive 28 U.S.C. § 2255 motion merely by recharacterizing his action. *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). *See also United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (stating that inmate could "not bypass the limitation on successive habeas petitions" by claiming that his action was actually under Fed. R. Civ. P. 12(b)(2)); *Boyd v.*

*United States*, 304 F.3d 813, 814 (8th Cir. 2002) (remanding movant's Fed. R. Civ. P. 60(b) motion to the district court for dismissal, "because it is, on its face, a second or successive 28 U.S.C. § 2255 petition"); *United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (explaining that § 2255 was the appropriate means for movant to challenge her sentence, and that a writ of coram nobis could not be used to circumvent "the second or successive provisions of § 2255"); and *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997) (treating inmate's 42 U.S.C. § 1983 claim as "the functional equivalent of a successive habeas action, regardless of its technical label").

Here, to the extent that he is in custody, petitioner's claims must be brought pursuant to 28 U.S.C. § 2255. As discussed above, however, petitioner has filed a prior § 2255 motion in this Court. Before he can bring a successive motion, he must seek certification from the United States Court of Appeals for the Eighth Circuit, which he has not done. Simply recharacterizing the action does not suffice to avoid this requirement. Thus, if petitioner is still "in custody" under the sentence imposed in *United States v. Hines*, No. 4:05-cr-107-HEA (E.D. Mo.), his petition for error coram nobis must be denied as an unauthorized successive motion under § 2255.

**B. If Petitioner is Not "In Custody"**

As noted above, it seems likely that the conviction and sentence that petitioner is attacking is "fully expired" and that he is no longer "in custody" under the conviction and sentence imposed in *United States v. Hines*, No. 4:05-cr-107-HEA (E.D. Mo.).[2] To that end, a petition for writ of error coram nobis is an appropriate vehicle for challenging his conviction and sentence.

---

[2] According to the Federal Bureau of Prisons' inmate locator, petitioner is currently incarcerated at USP Beaumont, with a release date of October 4, 2024. As previously discussed, petitioner was given an additional 144 months' imprisonment in a separate case following his conviction in the Eastern District of Missouri. *See United States v. Hines*, No. 3:08-cr-30040-SPM-PMF (S.D. Ill. Mar. 5, 2008). The 144 months was to run consecutively to his then-undischarged term of imprisonment from this Court. It appears that the sentence petitioner is currently serving is the sentence imposed by the Southern District of Illinois.

A writ of error coram nobis is a common law remedy to correct errors of fact that federal courts are authorized to issue under the All Writs Act, 28 U.S.C. § 1651(a). *See United States v. Morgan*, 346 U.S. 502, 506–07 (1954). It is "substantially equivalent" to a motion filed pursuant to 28 U.S.C. § 2255. *See United States v. Little*, 608 F.2d 296, 299 (8th Cir. 1979). Unlike a § 2255 motion, however, coram nobis relief is only "available when the defendant is no longer in custody for the applicable conviction, while custody is a prerequisite for habeas relief." *United States v. Camacho-Bordes*, 94 F.3d 1168, 1172 n.6 (8th Cir. 1996). Furthermore, "[a]s applied in criminal cases, coram nobis is a step in the criminal case and not, like habeas corpus[,] the beginning of a separate civil proceeding." *Baranski*, 880 F.3d at 954.

The enactment of 28 U.S.C. § 2255 did not create a bar to granting a writ of error coram nobis to an individual who was convicted of a federal crime but no longer in custody. *See Morgan*, 346 U.S. at 511. Nevertheless, given that § 2255 and coram nobis relief are "substantively indistinguishable," an issue arises as to whether the "AEDPA's restrictions on successive § 2255 motions affect the availability of coram nobis relief to a petitioner whose claim would be barred had he petitioned for relief while still in federal custody." *Baranski*, 880 F.3d at 955.

The United States Court of Appeals for the Eighth Circuit has explained that, procedurally, a coram nobis petitioner whose motion for 28 U.S.C. § 2255 relief was denied while in custody is not required to seek authorization from a three-judge panel of the Court of Appeals. *Id*. Substantively, though, a coram nobis petitioner "is subject to the restrictions on second or successive § 2255 motions set forth in § 2255(h)(1) and (2)." *Id*. at 956. This means that a coram nobis petitioner who has previously filed a § 2255 motion must show that his petition either contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder

11

would have found the movant guilty…or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id*. at 955. *See also* 28 U.S.C. § 2255(h).

In this case, petitioner filed a 28 U.S.C. § 2255 motion while in federal custody that was denied on the merits on May 1, 2008. *Hines v. United States*, No. 4:07-cr-1884-HEA (E.D. Mo.). Now he has filed a petition for writ of error coram nobis, apparently because he has finished serving that particular sentence. As noted above, however, petitioner can only bring this petition if it contains either "newly discovered evidence" or a "new rule of constitutional law, made retroactive to cases on collateral review." *Baranski*, 880 F.3d at 955. This is because the petition is subject to the restrictions on second or successive § 2255 motions set forth in § 2255(h)(1) and (2). The instant petition contains neither of those elements.

Rather than newly-discovered evidence, petitioner realleges facts that have been previously brought before the Court, including the assertions that he received ineffective assistance of counsel and that he was given a sentence above the statutory range. Because these allegations have already been raised, they cannot be considered "newly discovered." With regard to a "new rule of constitutional law," petitioner points to no "previously unavailable" rule "made retroactive to cases on collateral review by the Supreme Court." Instead, as already noted, petitioner is relitigating arguments he made in earlier filings.

The Court notes that coram nobis is an "extraordinary remedy [that] should be allowed only under circumstances compelling such action to achieve justice." *See Baranski*, 880 F.3d at 954. Petitioner has not shown any such compelling circumstances. More to the point, he is subject to the restrictions on successive 28 U.S.C. § 2255 motions set forth in § 2255(h). As petitioner has not demonstrated that his petition contains newly discovered evidence or a new rule of

12

constitutional law, the petition is without merit and must be denied. *See Embrey v. United States*, 2018 WL 10809624, at *2 (W.D. Mo. Apr. 19, 2018).

### C. Motion to Recharacterize

Petitioner has submitted a letter to the Court that the Court construes as a motion to recharacterize his petition for error coram nobis as a "Motion Pursuant to Fed. R. Civ. P. 60(b)(4) & (6)." (Docket No. 3). He also asks to have this newly-characterized motion transferred back to his criminal case.

Petitioner has not presented any facts or arguments to support his request to "recharacterize" his petition for error coram nobis. Even if he had, the Court notes that the allegations in the petition are appropriately brought pursuant to either 28 U.S.C. § 2255, if petitioner is in custody, or by coram nobis – which is "substantially equivalent" to § 2255 – if he is not in custody. Thus, it appears that petitioner's motion is an attempt to circumvent the provisions for filing a second or successive § 2255, which is not allowed. *See Boyd*, 304 F.3d at 814 (remanding movant's Fed. R. Civ. P. 60(b) motion to the district court for dismissal, "because it is, on its face, a second or successive 28 U.S.C. § 2255 petition"); and *Noske*, 235 F.3d at 406 (explaining that § 2255 was the appropriate means for movant to challenge her sentence, and that a writ of coram nobis could not be used to circumvent "the second or successive provisions of § 2255"). For these reasons, petitioner's motion must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion to recharacterize his petition (Docket No. 3) is **DENIED**.

13

**IT IS FURTHER ORDERED** that petitioner's petition for writ of error coram nobis (Docket No. 1) is **DENIED AND DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of October 2021.

                                                                *SLR.CR*
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE